IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cytiva Bioprocess R&D AB and Cytiva Sweden AB, <br><br> Plaintiffs, <br><br> v. <br><br> JSR Corporation, JSR Micro NV, and JSR Life Sciences, LLC, <br><br> Defendants. | Civil Action No. 21-310-RGA <br><br> **JURY TRIAL DEMANDED** |

### LETTER DATED JULY 29, 2023
### FROM DANIEL M. SILVER, ESQ. TO THE HONORABLE RICHARD G. ANDREWS
### REGARDING LIFTING STAY

OF COUNSEL:

David I. Berl
David M. Krinsky
Teagan James Gregory
Andrew L. Hoffman
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
dkrinsky@wc.com
tgregory@wc.com
ahoffman@wc.com

MCCARTER & ENGLISH, LLP
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Cytiva Bioprocess R&D AB and Cytiva Sweden AB*

Dear Judge Andrews:

We represent Plaintiffs (collectively, "Cytiva") in the above-captioned action, which is currently stayed pending *inter parte* reviews ("IPRs") that have recently reached Final Written Decisions. We write in response to the Court's July 19, 2023 Order (D.I. 76) directing that Plaintiffs file a letter in advance of this Court's August 8, 2023 conference, setting forth Cytiva's position regarding whether the stay of this case should be lifted. *See* D.I. 67 (staying this case pending instituted IPRs on all patents-in-suit). For the reasons that follow, the stay should be lifted now, and the case should be set for trial. Contrary to Defendants' (collectively, "JSR") position, judicial economy does not favor extending the stay pending appeal of the IPR decisions, and it would prejudice Cytiva to do so.

**Procedural and Factual Background**

Cytiva manufactures and sells chromatography resins, which are tools used in purifying antibodies, most commonly for pharmaceutical use. Defendant JSR sells competing chromatography resins. Cytiva brought this action against JSR, alleging infringement of three patents—U.S. Patent Nos. 10,213,765, 10,875,007, and 10,343,142—directed to such chromatography resins and methods of using them. D.I. 1. Cytiva seeks damages and permanent injunctive relief. *Id.*

JSR filed six IPRs (two per patent), alleging that each of the asserted claims would have been obvious. In May 2022, after the first of those IPRs was instituted—and with the case partway through fact discovery—the parties stipulated to stay this action "until such time as the PTAB has issued a final written decision in or otherwise terminated" each of the IPRs. D.I. 67 at 2. In exchange for Cytiva's agreement to this temporary stay, JSR agreed "not to rely on (1) the fact that Plaintiffs entered into this stipulated stay, or (2) the length of time of the stipulated stay, to support or oppose an argument on any contested issue between the parties, including any argument regarding whether Plaintiffs have suffered irreparable harm." *Id.*

The IPRs have now all concluded. While the Patent Trial and Appeal Board ("PTAB") determined a majority of the claims to be unpatentable, it rejected JSR's challenges to and reaffirmed the patentability of claims 11 and 29 of the '007 patent and claims 4 and 17 of the '142 patent. What these claims have in common is that they are all method claims directed to processes in which the ligand (*i.e.*, the relevant part of the chromatography resin) "binds to the Fab part of an antibody." *E.g.*, D.I. 1-1 at 27 ('142 patent claim 4). The PTAB held that "[b]ecause the art does not support the conclusion that [the ligands of the invention] bind[] Fab, Petitioner [JSR] has not established by a preponderance of the evidence of record that the process of isolating [a] Fab target using [the claimed] ligand would have been obvious" based on the asserted art. IPR2022-00041, Paper 40, at 50-51. In other words, JSR failed to show the obviousness of those claims even under the lower "preponderance" standard applicable in PTAB proceedings. *See* 35 U.S.C. § 316(e).

**This Case Should Proceed Now That the IPRs Have Concluded**

In light of these rulings, "the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). "[T]he terms of the original agreed upon stipulation have been satisfied."

1

*Dermafocus LLC v. Ulthera, Inc.*, Case No. 15-cv-654-MN, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2018). And the factors that courts in this district typically consider when asking whether to extend a stay pending appeal to the Federal Circuit all weigh against doing so. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, Case No. 18-cv-452-WCB, 2020 WL 6270776, at *2 (D. Del. Oct. 26, 2020). "In considering whether to [extend a stay], courts typically consider three factors: (1) whether [extending] the stay would simplify the issues in question and the trial of the case; (2) the status of the district court litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether the stay would cause the non-movant to suffer undue prejudice or allow the movant to gain a clear tactical advantage." *Id.*

The first factor "weighs less heavily in favor of a stay after the PTAB has issued [a] decision, both as a general matter and in [this case] in particular." *Id.* at *2. JSR is now estopped from pursuing prior-art defenses in this Court, so there is no meaningful overlap between the issues remaining in this Court and the Federal Circuit. *See id.*; 35 U.S.C. § 315(e)(2). The PTAB did not decide any disputed claim construction issues, and Cytiva is not aware of any legal issues in the appeal that will affect further proceedings on the upheld claims.

The status of this litigation likewise weighs against extending the stay. The parties are in the middle of fact discovery. JSR may contend that this case is "in its early stages," but that is "not really" so. *Dermafocus*, 2018 WL 5113960, at *2; *see, e.g.*, *B.E. Tech., L.L.C. v. Twitter, Inc.*, Case No. 20-cv-621-GBW, 2023 WL 3478567, at *3 (D. Del. May 16, 2023). Cytiva filed its complaint in February 2021—nearly two and a half years ago and more than a year before the present stay was entered. *See* D.I. 1; D.I. 67.

And as to the third factor, Cytiva has "already suffered from delay in its ability to have its allegations of patent infringement adjudicated in this Court." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, Case No. 14-cv-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018). "[A] patentee has an interest in prompt enforcement of its patent rights." *IOENGINE*, 2020 WL 6270776, at *3. That interest is stronger where, as here, the patentee is a practicing entity and the alleged infringer is a competitor. *See id.*

The prejudice to Cytiva here is particularly pronounced because this case is not simply about money; Cytiva seeks injunctive relief to address the harm created by JSR's competing product. Cytiva expects to be able to demonstrate that the four surviving claims are infringed. In fact, JSR expressly touts its product's ability to bind Fab fragments. Cytiva is therefore prepared to proceed on the claims that were upheld, and the fact that JSR prevailed as to various broader claims is of no moment. While Cytiva obviously is not asking this Court to evaluate the merits of its remedies case now, to preview one aspect, we note that JSR and Cytiva are direct competitors, and JSR is actively marketing its products to pharmaceutical developers that incorporate chromatography resins into their development processes. Because these processes often require regulatory approval and typically demand substantial time and resource commitments, it is difficult to switch resins, and the selection of one company's chromatography product may "lock in" that product and irreparably harm another company. The prospect that Cytiva may be made to suffer that harm for an "open-ended period of delay"—"IPR proceedings are statutorily limited in duration, while appeals to the Federal Circuit are not"—counsels especially against a stay that continues to impair Cytiva's ability to obtain relief. *B.E. Tech., L.L.C.*, 2023 WL 3478567, at *3.

Cytiva expects JSR will argue that the parties' appeals of the PTAB's decisions warrant extending the stay. They do not. Courts in this district have routinely lifted IPR stays once some claims have been upheld, recognizing the low likelihood of reversal on appeal. *See, e.g.*, *IOENGINE*, 2020 WL 6270776, at *3 (observing that the Federal Circuit's full affirmance rate as of 2020 was 75%); *Elm 3DS Innovations*, 2018 WL 1061370, at *2 ("[A]ll sides agree that the odds of any individual PTAB IPR decision being overturned or vacated by the Federal Circuit on appeal are no greater than 25 percent."); *Federal Circuit PTAB Appeal Statistics for February 2023* (Mar. 31, 2023), https://tinyurl.com/mvrm5zbh (calculating a full affirmance rate as of 2023 of 73.2%). The mere *possibility* that the Federal Circuit may reverse the PTAB's decisions upholding the validity of the four remaining claims is insufficient reason to maintain the stay. *See IOENGINE*, 2020 WL 6270776, at *3; *Zoll Med. Corp. v. Respironics, Inc.*, Case No. 12-cv-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015) ("[T]he possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds."); *Dermafocus*, 2018 WL 5113960, at *2; *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, Case No. 6:11-cv-492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015). And there are no other reasons to let JSR use the appeals to justify further delay. *See also IOENGINE*, 2020 WL 6270776, at *4 ("[T]he case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay.").

\*     \*     \*

For all the reasons above, Cytiva respectfully requests that the Court lift the stay and set the case for trial.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:     Counsel of Record (via CM/ECF and electronic mail)