

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

August 7, 2023

**VIA CM/ECF**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

    **Re:**    *Cytiva Bioprocess R&D AB, et al. v. JSR Corporation, et al., C.A. No. 21-310-RGA*

Dear Judge Andrews,

    We write on behalf of Cytiva, pursuant to the Court's Oral Order (D.I. 85), responding to JSR's letter (D.I. 81) requesting that the Court maintain the stay of the above-captioned matter. Contrary to JSR's position, Cytiva is *not* proposing a piecemeal approach to this litigation. Nor, contrary to JSR's suggestion and the Court's Oral Order continuing the stay (D.I. 83), does Cytiva seek to continue to assert the 79 patent claims that were held unpatentable by the Patent Trial and Appeal Board ("PTAB"). Rather, if the stay is lifted, Cytiva intends to proceed solely on the four claims that the PTAB upheld. Cytiva's appeal of the other claims is not relevant to, and will not simplify, Cytiva's case against JSR. Cytiva respectfully requests that the Court lift the stay now, rather than make Cytiva wait until JSR completes its appeal.

    JSR contends that its appeal will simplify the issues in this case. D.I. 81 at 3. But the chances of JSR succeeding on appeal are low—a fact JSR does not contest. *See* D.I. 79 at 4. The PTAB held that JSR failed to prove its case on the claims that the PTAB upheld and that Cytiva now seeks to assert. JSR nonetheless argues that because of similarities between those upheld claims and certain invalidated composition claims, the appeals will simplify this litigation. D.I. 81 at 3. But Cytiva is not asserting the composition claims, and the PTAB's finding that JSR failed to establish by a preponderance of the evidence that the surviving method claims would have been obvious is entitled to substantial deference. *See Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 449 (Fed. Cir. 2015). There are thus no legal issues for the Federal Circuit that give JSR's appeal an unusual chance of success. *See* D.I. 79 at 2. "[W]hile it is of course possible that the Federal Circuit will come to a different conclusion than did the PTAB, the 'mere *possibility* (as opposed to "reasonable likelihood") that the asserted claims would be invalidated [after an appeal] and [that this would] result in simplification is too speculative to be given much weight.'" *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, Case No. 14-cv-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018) (quoting *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, Case No. 6:11-cv-492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015)). Given the improbability of vacatur or reversal, courts in this district are loath to maintain IPR stays pending appeal. *See, e.g.*, *B.E. Tech., L.L.C. v. Twitter, Inc.*, Case No. 20-cv-621-GBW, 2023 WL 3478567, at *3 (D. Del. May 16, 2023); *IOENGINE, LLC v. PayPal Holdings, Inc.*, Case No. 18-cv-452-WCB, 2020 WL 6270776, at *3 (D. Del. Oct. 26, 2020); *Dermafocus LLC v. Ulthera, Inc.*,

Case No. 15-cv-654-MN, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2018); *Zoll Med. Corp. v. Respironics, Inc*., Case No. 12-cv-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015).

Each of JSR's cited cases is readily distinguishable because the patentees in those cases *did not* disclaim a piecemeal approach to litigation.  The same cannot be said here; Cytiva "has taken that issue off the table."  *IOENGINE*, 2020 WL 6270776, at *3.  Thus, the Court should adopt the approach it recently applied in a case raising the same issue presented here:  "If [the patentee] chooses to drop the . . . likely invalid patents with prejudice, and is willing to proceed only on the . . . likely not proven invalid patents, then the Court will lift the stay." *eBuddy Tech. BV v. LinkedIn Corp.*, Case No. 20-cv-1501-RGA, D.I. 152 (D. Del. July 31, 2023).

JSR also argues that Cytiva will not suffer undue prejudice if the stay is maintained, noting that multiple firms compete in this market and Cytiva did not seek a preliminary injunction.  Yet courts in this district routinely lift IPR stays pending appeal even when the parties are *not* competitors.  *See, e.g.*, *IOENGINE*, 2020 WL 6270776, at *3; *Dermafocus*, 2018 WL 5113960, at *2-3.  And Cytiva can hardly be faulted for not moving for a preliminary injunction.  Courts in this district do not and should not require parties to seek a preliminary injunction in order to obtain permanent injunctive relief, and Cytiva had good reason not to: the case began in the middle of the pandemic (when enjoining products used to make antibodies was fraught in many ways) and in the face of an obviousness case impacting the likelihood of success that the PTAB has now resolved.

The remote prospect that JSR will be able to overturn the PTAB's decision upholding four of Cytiva's claims is not a reason to deny Cytiva the ability to advance its infringement case on those claims in a timely manner, particularly given the looming expiration of the surviving patent claims (September 2027) and Cytiva's request for injunctive relief.  With each passing day, JSR has the opportunity to lock in multi-year deals with pharmaceutical companies, all while using Cytiva's patented technology.  JSR has an obvious incentive to do this for as long as possible and run down the clock on Cytiva's patents.  *See* D.I. 79 at 3.  But the PTAB decisions have simplified this matter, and the appeals are unlikely to do so further.  This Court should lift the stay without waiting an additional year or more for the appeals to be completed.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)