IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CYTIVA BIOPROCESS R&D AB, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 21-310-RGA |
| | : | |
| JSR CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

ORDER

This case was stayed pursuant to stipulation while the PTAB considered IPRs filed by Defendants against Plaintiffs' asserted patents. (D.I. 67). I received a joint status report on July 17, 2023. (D.I. 75). The PTAB had ruled—79 invalid claims, 4 valid claims. The parties disagreed whether the stay should be lifted while both sides appealed to the Federal Circuit. I set a conference a conference for August 8th to resolve that question and requested letter briefs in advance of the conference. (D.I. 76, 77)). I received a letter on July 31st from Plaintiffs requesting the stay be lifted. (D.I. 79). I received a responsive letter from Defendants on August 2nd, essentially arguing that it did not make sense to lift the stay given that about 95% of the claims had been ruled invalid by the PTAB. (D.I. 81). I read the letters, agreed with Defendants, thought the conference unnecessary, and ruled in advance of it. (D.I. 83). I subsequently received three more letters. (D.I. 86, 87, 89). Plaintiffs claimed, though they had not expressly told Defendants or me (D.I. 89), that they only intended to proceed on the four valid claims, and

they had anticipating discussing that at the scheduled conference.[1] I accept that explanation. Had they made clear in their first letter what they were making clear by their last letter, I would very likely have ruled in their favor. *See* footnote 1. But they did not.

The reason I typically have parties write short letters before a discovery conference is so that I can read them in advance, understand what their best arguments are, decide whether I actually need the conference, and, if I do, go into the conference with an understanding of the issues and at least a tentative idea of how I expect to rule. When a party does not put its best arguments forward in a clear manner, it wastes my time (and, in this case, also wasted Defendants' time).

In my view, Plaintiffs have forfeited their otherwise winning argument. I decline to lift the stay.

IT IS SO ORDERED this 11th day of August 2023.

_____
United States District Judge

---

[1] Plaintiffs' opening letter was filed July 31, 2023. (D.I. 79). My intuition (before I received Plaintiffs' explanation) was that Plaintiffs wanted to see which way the wind was blowing in terms of how much they would have to give up in order for me to lift the stay. Coincidentally, the same day, I entered an order in a different case with essentially the same scenario. The order showed exactly which way the wind was blowing. "If [the plaintiff] chooses to drop the two likely invalid patents with prejudice, and is willing to proceed only on the two likely not proven invalid patents, then the Court will lift the stay." *eBuddy Tech. BV v. LinkedIn Corp.*, No. 20-cv-1501-RGA, D.I. 152 (D. Del. July 31, 2023).